# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DR. ALEXANDER L. WILD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-00919-W-RK |
| ) | |
| ROCKWELL LABS, LTD. d/b/a MAGGIE'S ) | |
| FARM, and DR. CISSE SPRAGINS, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

This is a copyright infringement case. Now pending before the Court is Defendant Rockwell Labs, Ltd. d/b/a Maggie's Farm and Dr. Cisse Spragins' (collectively, "Defendants") Motion to Stay Discovery. (Doc. 15.) Defendants move to stay discovery pending a ruling on their motion to dismiss. (*See* Doc. 8.) Plaintiff Dr. Alexander Wild ("Plaintiff") opposes a stay, and the motion to stay is fully briefed. (Docs. 15, 16, 17, 20.) For the reasons set forth below, the Court finds that a stay is not warranted. Consequently, the motion is **DENIED**.

## Background

The following facts are taken from Plaintiff's Complaint for Copyright Infringement (Doc. 1), without further quotation or attribution unless otherwise noted. Plaintiff created and is the copyright owner of two photographs. One photograph is of a Monomorium pharaonic, also known as a Pharaoh ant. The second photograph is of a Tetramorium caespitum, also known as a Pavement ant. The two photographs will be collectively referred to as the "Work."

Plaintiff alleges that beginning in April 2019, Defendants wrongfully copied and then "distributed the Work on the internet to promote the sale of goods and services as part of their pest control solutions business." On May 7, 2019, Plaintiff notified Defendants of the infringement. Plaintiff then attempted to settle the dispute, but was not successful.

On November 15, 2019, Plaintiff filed this case against Defendants. (Doc. 1.) The Complaint asserts one count for copyright infringement under 17 U.S.C. § 501. (*Id.*, ¶¶ 45-51.) Among other things, Plaintiff seeks damages and injunctive relief. Defendants responded by filing a motion to dismiss for failure to state a claim, and the present motion to stay discovery pending a

ruling on the motion to dismiss. Defendants argue that all discovery should be stayed until the Court resolves their motion to dismiss. Plaintiff opposes a stay, and the parties' arguments are discussed below.

## Discussion

In relevant part, Local Rule 26.1(b) provides that "the filing of any motion—including a motion to dismiss . . . does not stay the action or excuse the parties from complying with any discovery rule or scheduling order." L.R. 26.1(b). However, the Court has discretion to grant or deny a stay "'in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.'" *Curry v. Pleasurecraft Marine Engine Co.*, 2013 WL 12205046, at * 1 (W.D. Mo. May 28, 2013) (quoting *Webb v. R. Rowland & Co.*, 800 F.2d 803, 808 (8th Cir. 1986)).

The propriety of a stay turns on several considerations. As explained in *Blacktop, Inc. v. Edible Arrangements Int'l, Inc.*, 2014 WL 12695690 (W.D. Mo. Apr. 30, 2014):

> [T]he proponent of the stay bears the burden of establishing the need for a stay. In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy . . . The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery.

*Id.* at * 1 (citations omitted).

Upon review of the record, the Court finds that Defendants have not carried their burden of establishing the need for a stay. First, after reviewing the parties' briefs on the motion to dismiss, the Court cannot conclude that Defendants are "so obviously likely to prevail that a stay is necessary." *Doe v. Newman*, 2018 WL 4571501, at * 2 (W.D. Mo. Sept. 24, 2018). Second, Defendants concede that "neither party will be irreparably harmed absent a stay[.]" (Doc. 16, p. 3.) Although Defendants argue that engaging in discovery "would be a waste of time and money," such potential harms are inherent in litigation. Third, Defendants acknowledge that Plaintiff has yet to propound discovery. (*Id.*) As a result, Defendants have not shown that the breadth of unserved discovery supports a stay. Defendants also contend that the current coronavirus pandemic may delay or preclude their ability to respond to discovery, but that argument is premature. If Defendants need additional time once discovery is served, they may move for such

2

Case 4:19-cv-00919-RK   Document 22   Filed 04/16/20   Page 2 of 3

relief.  Fourth, the balancing of interests and public interest factors do not support a stay.  As discussed above, the potential harm of unserved discovery is speculative, and it is not clear that the motion to dismiss will be granted.  Finally, at this early stage in litigation, judicial economy will not be materially affected by the presence or absence of a stay.

### Conclusion

For the reasons set forth above, Defendants have failed to show that a stay is warranted in this case.  Consequently, Defendants' Motion to Stay Discovery (Doc. 15) is **DENIED**.

IT IS SO ORDERED.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 16, 2020