IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DR. ALEXANDER L. WILD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-00919-W-RK |
| | ) | |
| ROCKWELL LABS, LTD. d/b/a MAGGIE'S FARM, and DR. CISSE SPRAGINS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This is a copyright infringement case. Now pending before the Court is Defendant Rockwell Labs, Ltd. d/b/a Maggie's Farm ("Rockwell") and Dr. Cisse Spragins' ("Spragins") (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim. (Doc. 8.) Plaintiff Dr. Alexander L. Wild ("Plaintiff") opposes the motion, and it is fully briefed. (Docs. 8, 9, 12, 13.) For the reasons set forth below, the Court finds that Plaintiff has adequately stated a claim against both Defendants. Consequently, the motion is **DENIED**.

### Background

Plaintiff's Complaint for Copyright Infringement alleges the following facts. (Doc. 1.) Plaintiff is a biologist. (*Id.*, ¶ 2.) He holds a Ph. D in Entomology and is also a part-time photographer. (*Id.*) Plaintiff has a portfolio of work that depicts entomology subjects such as ants, bees, wasps, and mosquitos. (*Id.*, ¶ 3.) Plaintiff's work is sought after by magazines, books, and television programs. (*Id.*)

This case involves two photographs in Plaintiff's portfolio. One photograph is of a Monomorium pharaonis, also known as a Pharaoh ant. (*Id.*, ¶¶ 16, 18.) The second photograph is of a Tetramorium caespitum, also known as a Pavement ant. (*Id.*, ¶¶ 21, 23.) Plaintiff is the copyright owner of both photographs, and they are collectively referred to as the "Work." (*Id.*, ¶¶ 20, 25-26.) Plaintiff's Work may be licensed on a national basis in exchange for a minimum fee of $1,000 per image. (*Id.*, ¶ 6.)

Defendants own and/or operate a pest control business, and promote that business through the website https://maggiesfarmproducts.com. (*Id.*, ¶¶ 30-31.) Plaintiff has never licensed his

Work to Defendants or otherwise given them permission to use it. (*Id.*, ¶¶ 27, 40.) Nonetheless, beginning in April 2019, Defendants copied the Work and then distributed it on their website "to promote the sale of goods and services." (*Id.*, ¶¶ 30-31, 35.) On May 7, 2019, Plaintiff first notified Defendants of the infringement. (*Id.*, ¶ 41.) Plaintiff then attempted to settle the dispute but was not successful. (*Id.*, ¶¶ 41-42.)

On November 15, 2019, Plaintiff filed this case against Defendants. The Complaint asserts one count for copyright infringement under 17 U.S.C. § 501. (*Id.*, ¶¶ 45-51.) Plaintiff seeks damages and other relief. Defendants responded by filing the pending motion to dismiss for failure to state a claim which is fully briefed and ready for decision.

**Legal Standard**

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which allows a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully. *Id.* at 371. When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

**Discussion**

The standard for stating a copyright infringement claim is not onerous. "Two elements are required to establish copyright infringement, [1] ownership of a valid copyright and [2] copying of original elements of the work." *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004). Plaintiff's Complaint adequately alleges both elements. The Complaint alleges that Plaintiff is the owner of the Work, and that Defendant infringed the Work.

Nonetheless, Defendants move to dismiss the Complaint for three separate reasons. Plaintiff contends that each argument is without merit and not proper in the motion to dismiss context. The parties' arguments are addressed below.

**I. Dismissal is Not Warranted Based on Defendants' Post-Infringement License.**

Defendants' first argument is that the Complaint does not state a claim because they purchased a license for the Work before Plaintiff filed this lawsuit. (Doc. 9, p. 5.) Specifically, "Defendant Rockwell purchased two separate licenses for the 'Work' (consisting of generic images of a pharaoh ant and a pavement ant), from plaintiff's website on October 30, 2019, two weeks before this action was filed." (*Id.*) In support of this fact, Defendants attach a Declaration from Spragins that explains the purchase. (Doc. 9-1, ¶ 28.) Defendants also argue that Plaintiff's licenses "may be applied" prospectively or retrospectively, and the Complaint thus falsely alleges that Plaintiff never licensed or had permission to use the Work. (Doc. 13, p. 1.) As set forth below, the Court finds that dismissal is not warranted based on this alleged post-infringement purchase.

First, as stated above, a motion to dismiss challenges the legal sufficiency of a complaint. This means that "matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss[.]" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotations omitted). However, "documents necessarily embraced by the complaint are not matters outside the pleading." *Id.* "In general, materials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Id.*

Under this case law, Defendants cannot rely on Spragins' Declaration and other materials outside the Complaint. The Complaint expressly alleges that Plaintiff never licensed the Work to Defendants or gave them permission to use it. (Doc. 1, ¶¶ 27, 40.) Defendants contend that these allegations are false, but they have raised a factual dispute that is not proper in the motion to dismiss context. To resolve the pending motion, the Court cannot consider the materials presented by Defendants which are not referenced in, or embraced by, the Complaint.

Moreover, dismissal would not be proper even if the Court could consider such materials, and even if those materials established that Defendants purchased a license on October 30, 2020. Defendants argue that licenses "may be" applied retroactively, but it is not clear from the documents submitted that their purported license was both retroactive and in full satisfaction of Defendants' prior infringement. Under these circumstances, Defendants' first argument is

3

rejected.

## II. Defendants' "Fair Use" Argument Does Not Warrant Dismissal

Defendants' second argument is that the Complaint should be dismissed under the "fair use" doctrine. (Doc. 9, pp. 6-11; Doc. 13, pp. 1-10.) Under 17 U.S.C. § 107, "the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. "[F]air use is an affirmative defense" to a claim of copyright infringement. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). To determine whether a non-owner's use is "fair," a court should consider the following factors:

> "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work."

17 U.S.C. § 107(1)-(4).

Here, Defendants present several arguments in support of their fair use defense. In part, Defendants argue that they used the Work "not so much for selling products, as for informing and educating the public about identifying and controlling various insects," that "only a total of $519.81 of product was purchased from Maggie's Farm website" during the relevant period, and that the "parties operate in significantly different markets." (Doc. 9, pp. 7-10.) In response, Plaintiff contends that "Defendants' fair use argument raises their purported intent in using the image, the money they derived in sales during the time they were using the image, and many other factors which are just not found in Plaintiff's Complaint." (Doc. 12, p. 5.)

Upon review of the record, the Court finds that Defendants' fair use defense cannot be resolved at the motion to dismiss stage.[1] In particular, Defendants' arguments rely on matters that

---

[1] The parties dispute whether a fair use defense may be resolved on a motion to dismiss. Because it does not appear that the Eighth Circuit has squarely addressed this issue, both parties rely on case law from other circuits in support of their respective positions. *Compare Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (3d Cir. 2013) ("Because fair use is an affirmative defense, it often requires consideration of facts outside of the complaint and thus is inappropriate to resolve on a motion to dismiss. Affirmative defenses may be adjudicated at this stage in the litigation, however, where the facts necessary to establish the defense

4

are not within the four corners of the Complaint or otherwise embraced by the pleadings. *See Harper & Row Pub., Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985) (recognizing that "[f]air use is a mixed question of law and fact"). For example, in *American Production & Inventory Control Society, Inc. v. Auxier*, 2013 WL 12152447 (W.D. Mo. May 28, 2013), the court denied a motion to dismiss under the fair use doctrine. The court held that "under Rule 12(b)(6), the Court can only determine whether the plaintiff's complaint fails to allege facts stating a claim for relief that is plausible on its face. The Court cannot conclude from [plaintiff's] pleadings that it is not entitled to relief." *Id.* at * 2 (citations and quotations omitted); *see also Gregerson v. Vilana Fin., Inc.*, 446 F. Supp. 2d 1053, 1058 (D. Minn. 2006) ("A thorough analysis of the fair use factors is unnecessary at this time because [plaintiff] has succeeded in stating a claim for copyright violation sufficient to survive Defendants' Motion to Dismiss.").

The same result is warranted in this case. As discussed above, Plaintiff's Complaint adequately states a claim for copyright infringement. The Court cannot dismiss that claim based on Defendants' presentation of materials and arguments that are not within the four corners of the Complaint or otherwise embraced by the pleadings. At this early stage of the proceedings, and because Plaintiff argues that discovery is necessary, the Court also declines to convert Defendants' motion into one for summary judgment. To the extent Defendants believe discovery is not necessary, they may move for summary judgment in accordance with Federal Rule of Civil Procedure 56.

### III. Plaintiff Has Adequately Stated a Claim Against Spragins

Defendants' final argument is that Spragins should be dismissed because Plaintiff does not "allege any facts that give rise to personal liability[.]" (Doc. 9, pp. 11-12.) The parties agree that an individual may be subject to vicarious liability if she has the right and ability to supervise the infringing activity and a direct financial interest in such activity. (Doc. 9, p. 11; Doc. 12, p. 6) (citing *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 782 (8th Cir. 1988)).

---

are evident on the face of the complaint.") *with Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 692 (7th Cir. 2012) ("When a defendant raises a fair use defense claiming his or her work is a parody, a court can often decide the merits of the claim without discovery or a trial."). As set forth below, the Court finds that Defendants' fair use arguments cannot be resolved on a motion to dismiss. The Court also notes that Defendants' reliance on *Brownmark* is misplaced. *Brownmark* is factually dissimilar and the appellate court treated the motion as one for summary judgment. *Brownmark*, 682 F.3d at 692.

5

Here, the Complaint expressly alleges that "Spragins owned, controlled, and/or operated Rockwell," that Defendants infringed the Work to promote their business, and that "Defendants performed the acts alleged in the course and scope of their business activities." (Doc. 1, ¶¶ 9-10, 49.)  Although the allegations against Spragins are not detailed or verbose, the Court finds that Plaintiff has adequately stated a claim against her.  The parties may further explore this issue in discovery.[2]

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8) is **DENIED**.  Defendants' request for oral argument is also **DENIED**.

**IT IS SO ORDERED.**

    s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 20, 2020

---

[2] Defendants also argue that Plaintiff violated Rule 11 and/or filed this case in "bad faith."  If Defendants believe Plaintiff violated Rule 11, they may separately move for relief after complying with the requirements in that Rule.  The issue currently before the Court is whether the Complaint states a claim upon which relief may be granted, and it does.